Bar Docket No. 08614

In the Matter of the Petition of NANCY J. SCHMIDT for Reinstatement.

(787 P.2d 1201)

Opinion filed March 2, 1990.

*Per Curiam*: On May 31, 1983, the petitioner, Nancy J. Schmidt, voluntarily surrendered her certificate to practice law. On the 21st day of June, 1983, the surrender was accepted by this court, her certificate to practice law was voided, and petitioner's name was stricken from the roll of attorneys. *In re Schmidt*, 233 Kan. 724, 665 P.2d 1108 (1983).

On December 9, 1988, Ms. Schmidt filed a petition with this court pursuant to Supreme Court Rule 219 (1989 Kan. Ct. R. Annot. 139), seeking reinstatement to practice law in Kansas. The petition was referred to the disciplinary administrator for consideration by a panel of the Board for Discipline of Attorneys. Hearings were held on September 7, 1989, in Topeka, and on September 18, 1989, in Wichita, Kansas.

On December 12, 1989, the panel filed its report summarizing the evidence presented, together with the panel's findings and recommendations. The panel unanimously recommended that the petition for reinstatement to the practice of law in Kansas be denied. The petitioner filed exceptions to the report and, pursuant to Supreme Court Rule 219(d), the matter is deemed submitted for consideration by this court.

The reason for Ms. Schmidt's surrender of her certificate to practice law in Kansas are set out in the petition for reinstatement and in the report of the panel and need not be reiterated in detail here. The panel found that petitioner (1) forged a deceased client's signature to his will, (2) forged the signatures of the witnesses to the will, (3) notarized the forged signatures, (4) offered the forged will for probate, (5) transported witnesses to testify in support of the will, and (6) attempted to settle the matter in part to avoid disclosure of the forgeries.

In *State v. Russo*, 230 Kan. 5, Syl. ¶ 4, 630 P.2d 711 (1981), this court set forth eight factors to be considered in a reinstatement proceeding. Those factors are not all-inclusive but were noted by the hearing panel in reaching its recommendations in the present case. The petitioner took exception to several of the findings by the panel. Although there was conflicting testimony as to those particular findings, we find there was substantial evidence to support the findings of the panel. Because the panel found that the petitioner had committed very serious ethical violations, it unanimously recommended that the petition for reinstatement be denied.

The court, after carefully considering the record, accepts the recommendation of the panel and finds that Nancy J. Schmidt's petition for reinstatement should be and is hereby denied.